**Mohamed ABAJLAL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Ethan Enzer, Officer in Charge, U.S. Citizenship & Immigration Services, Respondents.**

**No. 06–3242–ag.**

United States Court of Appeals, Second Circuit.

April 25, 2007.

Mario DeMarco, Law Offices of Mario DeMarco, Port Chester, NY, for Petitioner.

Jenny L. Smith, Assistant United States Attorney (Alice H. Martin, United States Attorney, on the brief), United States Attorney's Office for the Northern District of Alabama, Birmingham, AL, for Respondents.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Abajlal, a native and citizen of Morocco, seeks review of an order of the BIA affirming an order of Immigration Judge ("IJ") Michael W. Straus that, in pertinent part, denied petitioner's motion for a continuance to pursue an I–130 visa petition filed by his United States citizen wife and thereafter apply for adjustment of status under section 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. *In re Abajlal*, No. A 74 915 902 (B.I.A. June 13, 2006), *aff'g* No. 74 915 902 (Immig. Ct. Hartford Dec. 3, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a continuance "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006). Based on our assessment of the parties' submissions, the applicable case law, and the record on appeal, we conclude that the decision of the IJ, as elaborated by the BIA, did not "rest[ ] on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding" and was not outside "the range of permissible decisions." *Id.* at 551–52 (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir.2001)) (internal quotation marks omitted).

Petitioner's contention, raised for the first time before this Court, that neither he nor his former United States citizen wife ever received from the Immigration and Naturalization Service a notice of intent to deny an earlier I–130 visa petition for failure to prove a *bona fide* marriage lacks any support in the record. Therefore, the BIA's conclusion that the I–130

visa petition filed by petitioner's current wife faces the potential of a statutory bar under section 204(c) of the INA, 8 U.S.C. § 1154(c), was entirely proper. *See* 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if ... the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws....."). Petitioner's argument that inconsistencies between his testimony and his current wife's testimony "had to do with cultural, religious, and lingual confusion" is unsubstantiated by any evidence. Moreover, it simply ignores the BIA's rationale for why petitioner and his current wife failed to establish a *bona fide* marriage by clear and convincing evidence sufficient to overcome the presumption that a marriage entered into during removal proceedings is fraudulent. *See* 8 U.S.C. § 1255(e); *In re Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002). The BIA and IJ did not rely on the "inconsistencies" alluded to by petitioner, but merely found that petitioner's wife did not demonstrate that her previous marriages, however many there may have been, had been dissolved by law or death, or did not otherwise foreclose a lawful marriage to petitioner.

We have considered all of petitioner's arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is **DENIED.**